IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TEKUR DALGA ANBESSA, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:13CV138–HEH
)
ROBERT F. MCDONNELL, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing 42 U.S.C. § 1983 Action)

Tekur Dalga Anbessa, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this 42 U.S.C. § 1983 action.[1] The Court has granted Anbessa's most recent Motion to Amend, and the action proceeds on his Amended Complaint ("Complaint," ECF No. 35). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As explained below, Anbessa's claims lack merit and will be dismissed.

A.    **Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints

containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  **Summary of the Complaint**

In a lengthy, rambling, and nearly incomprehensible Complaint, Anbessa challenges the Virginia law disqualifying inmates from voting and Article II, Section I of the Virginia Constitution ("Disqualification Clause") on various constitutional and non-constitutional grounds. The Disqualification Clause provides that: "No person who has been convicted of a felony shall be qualified to vote unless his civil rights have been

3

restored by the Governor or other appropriate authority." Va. Const. art. II § 1. The Court here generously construes Anbessa's Complaint as raising the following claims for relief:

> Claim One: The Disqualification Clause deprives him of "equal protections[2] of the first degree (full-degree) United States citizenship (civil) entitlements that are granted by birth." (Compl. at 8, 35.)[3]
>
> Claim Two: The Disqualification Clause violates Anbessa's Fourteenth Amendment right to due process.[4] (*Id.* at 11, 35.)
>
> Claim Three: "[T]he 'exception clause' of the 13th Amendment[5] is unconstitutional because . . . nothing under Article III, Section 2 of the United States Constitution . . . grants [the] judiciary power . . . to convert 'United States citizens' into 'analogous slaves.'" (*Id.* at 12–13.)[6]

---

[2] "No state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. am. XIV § 1.

[3] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization and spelling in quotations from Anbessa's Complaint.

[4] "No state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. am. XIV § 1.

[5] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. am. XIII, § 1.

[6] Anbessa's Complaint also contains a variety of vague, conclusory, and incomprehensible arguments purportedly attacking the Disqualification Clause for which he provides no factual or legal support. For example, Anbessa claims that the Disqualification Clause violates Article I, Section 10 of the United States Constitution by "impair[ing] the social contract between the federal/central/national government and [Anbessa] as a United States citizen." (Compl. at 14, 35.) He also claims that the Clause violates the "political rights principle" of the Fifteenth Amendment (*id.* at 14, 35), deprives him of the "universal and equal suffrage" granted to citizens under the "combination of the 15th, 19th, 24th and 26th Amendments . . ." (*id.* at 17), violates the "human rights principle created in the ideals of the 13th Amendment and Article 4 of the Universal Declaration of Human Rights" (*id.* at 35), and violate[s] the federal laws in regards to the right to a nationality." (*Id.*) Finally, Anbessa alleges that the Ninth Amendment grants him, and the Clause deprives him of, "unenumerated (substantive) rights that are not expressly listed or should be reiterated in the Constitution – among those . . . the right to vote . . . ." (*Id.* at 21.) Anbessa's conclusory allegations fail to state a claim for relief.

4

Anbessa demands injunctive relief, namely the restoration of his voting rights as well as the voting rights of other convicted felons. (*Id.* at 36.) He also demands reimbursement for legal costs from Defendant McDonnell. (*Id.*) As explained below, the Court can, and does, quickly dispense with Anbessa's claims because "broad felon disenfranchisement provisions are presumptively constitutional." *Simmons v. Galvin*, 575 F.3d 24, 32 (1st Cir. 2009) (citing *Richardson v. Ramirez*, 418 U.S. 24, 54–55 (1974)).

### A. Equal Protection Challenge

In Claim One, Anbessa challenges Virginia's Disqualification Clause on equal protection grounds. In support of his claim, Anbessa states: "there are over 5 million (72.3%) white US citizens in Virginia, and . . . about 1.4 million (19.6%) . . . black US citizens in Virginia," and yet 60% of Virginia prisoners are black. (Compl. at 15.)

"To establish an equal protection violation, a plaintiff must show discriminatory intent as well as disparate effect." *Irby v. Va. State Bd. of Elecs.*, 889 F.2d 1352, 1355 (4th Cir. 1989) (citations omitted). Anbessa fails to demonstrate that Virginia has any discriminatory intent in disenfranchising felons. Moreover, Anbessa fails to state a claim for relief because courts have found that voter disenfranchisement provisions such as Virginia's do not state an equal protection claim. *See Richardson*, 418 U.S. at 53–54 (finding disenfranchisement of convicted felons constitutional); *see also Allen v. Ellisor*, 664 F.2d 391, 395 (4th Cir. 1981) (en banc) (upholding South Carolina disenfranchisement law and explaining that *Richardson* effectively "closed the door on the equal protection argument in a challenge to state statutory voting disqualifications for

conviction of a crime"), *vacated on other grounds*, 454 U.S. 807 (1981). Accordingly, Claim One will be dismissed as frivolous.

### B. Due Process Challenge

When a defendant is lawfully convicted and confined to jail, "he loses a significant interest in his liberty for the period of his sentence." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). In Claim Two, Anbessa alleges that the Disqualification Clause violates the Fourteenth Amendment by depriving him of the right to vote without due process of law. (Compl. at 11, 35.) Anbessa's liberty interest in voting was extinguished by his conviction. *See Williams v. Taylor*, 677 F.2d 510, 515–16 (5th Cir. 1982); *cf. Greenholtz v. Inmates of Nebr. Penal Corr. Complex*, 442 U.S. 1, 7 (1979) (citation omitted) (explaining that a valid "conviction, with all its procedural safeguards, has extinguished . . . liberty right[s]"). Anbessa does not allege that his conviction was invalid. Accordingly, Claim Two will be dismissed as frivolous.

### C. Slavery

In Claim Three, Anbessa alleges that "the 'exception clause' of the 13th Amendment is unconstitutional because . . . nothing under Article III, Section 2 of the United States Constitution . . . grants [the] judiciary power . . . to convert 'United States citizens' into 'analogous slaves.'" (Compl. at 13.) Apparently, Anbessa refers to the portion of the Thirteenth Amendment that forbids slavery and involuntary servitude "except as a punishment for a crime whereof the party shall have been duly convicted," as the "exception clause." U.S. Const. am. XIII, § 1. The Court cannot discern and

6

Anbessa fails to argue why he believes the "exception clause" of the Thirteenth Amendment is unconstitutional.

Anbessa also contends that the Disqualification Clause violates the "human rights principles erected in the ideals of the 13th Amendment." (*Id.* at 35.) To the extent that Anbessa argues that depriving him of the right to vote makes him a slave, such a contention is wholly frivolous. Anbessa fails to allege any facts that suggest that he is subject to slavery or involuntary servitude. *See Washington v. Finlay*, 664 F.2d 913, 927 (4th Cir. 1981) (citation omitted) (explaining that the Thirteenth Amendment's "independent scope is limited to the eradication of the incidents or badges of slavery and does not reach other acts of discrimination" and therefore, "[i]n the realm of voting, . . . the [T]hirteenth amendment offers no protections not already provided under the [F]ourteenth or [F]ifteenth amendments").[7] Claim Three will be dismissed as frivolous.

### D. Conclusion

Anbessa's claims will be dismissed with prejudice. The action will be dismissed. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 13 2015
Richmond, Virginia

---

[7] The Thirteenth Amendment abolished slavery or involuntary servitude "except as punishment for crime whereof the party shall have been duly convicted . . . ." U.S. Const. amend. XIII, § 1. Anbessa is lawfully incarcerated. Thus, to the extent he asserts that he is required to work without reasonable compensation, he fails to articulate a violation of the Thirteenth Amendment.

7